**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TP GROUP-CI, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-07463 |
| | ) | |
| STEVEN R. SMITH AND | ) | Hon. Edmond E. Chang |
| WILLIAM DEAN WALLACE, | ) | |
| Defendants. | ) | |

### PLAINTIFF'S AMENDED MOTION TO FILE UNDER SEAL

Plaintiff TP-Group-CI, Inc. respectfully moves this Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to amend Plaintiff's Motion to File Under Seal. (Dkt. No. 24.) On August 16, 2016, pursuant to Federal Rule of Civil Procedure 26(c), Rule 26.2 of the Local Rules of the United States District court for the Northern District of Illinois, and the Stipulation and Protective Order (the "Protective Order") entered by this Court on August 5, 2016 (Dkt. No. 21), Plaintiff moved for leave to file under seal its Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction (the "Memorandum") as well as certain exhibits supporting the Memorandum. The Memorandum, and exhibits filed in support of the Memorandum, contained confidential information about Clinical Innovation's ("CI's") business, customers, sales, and details about the design and manufacture of CI's products, as well as information designated by the Defendants or by third-party Laborie Medical Technologies Corp. ("Laborie") as warranting protection pursuant to the Protective Order. The public disclosure of such information would cause competitive harm to Plaintiff, Defendants, and/or Laborie and/or violate Plaintiff's obligations under the Protective Order.

In the course of filing the 100 exhibits in support of its Memorandum, Plaintiff inadvertently omitted from the list of documents to file under seal Exhibit R to Exhibit 4, the

Affidavit of Brian McRoberts.[1]  Thus, in further support of this amended motion, TP Group states as follows:

1.      On August 5, 2016, this Court entered the agreed Protective Order (attached hereto as Exhibit A);

2.      The Protective Order provides that certain material may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  (Exhibit A ¶ 4.2.)  Such materials are referred to in the Protective Order as "Protected Material."  (*Id.* ¶ 1.8.)

3.      Due to the  nature of this case, which alleges violations of, among other agreements, non-compete, non-solicitation, and confidentiality agreements, documents relating to specific products, intellectual property, and confidential information must be referenced. Accordingly, and in part due to the volume of documents designated to be Protected Materials by Defendants, Plaintiff cites to Protected Materials throughout the Memorandum.

4.      Paragraph 9.2 of the Protective Order provides that "In the event a party wishes to use any Protected Material, or any papers containing or making reference to the contents of such Protected Material, in any pleading or document filed with the Court in this action, such pleading or document and Protected Material shall be redacted to conceal any Protected Material or shall be filed under seal."  (*Id.* ¶ 9.2.)   Furthermore, the Protective Order expressly requires that Confidential or Highly Confidential – Attorneys' Eyes Only materials "shall be filed under seal." (Dkt. No. 21 at 14.)   Therefore, to protect CI's and Plaintiff's business interests and information,

---

[1]      Additionally, Plaintiff notes that, simultaneous with the filing of this Amended Motion, Plaintiff is filing corrected under seal versions of Exhibits 4, 5, and 6 to the Memorandum, which original versions inadvertently failed to include unredacted copies of the McRoberts (Ex. 4), Moon (Ex. 5), and Roffman (Ex. 6) Affidavits.

and in compliance with the terms of the Protective Order, Plaintiff seeks to file under seal its
Memorandum and the exhibits discussed below.

    a. Exhibit 88, Exhibit EE and FF to Moon's Affidavit (Exhibit 5), Exhibit K to
       McRoberts' Affidavit (Exhibit 4), and Exhibit D to Roffman's Affidavit
       (Exhibit 6) are documents which Plaintiff designated as "CONFIDENTIAL"
       pursuant to the Protective Order that contain confidential information about
       Plaintiff's competitors and business.

    b. Exhibit 33, Exhibits A, B, C, D, E, F, G, H, J, K, N, O, P, Q, R, T to Moon's
       Affidavit (Exhibit 5), and Exhibits L and T to McRoberts' Affidavit  (Exhibit
       4) are documents which Plaintiff designated as "CONFIDENTIAL pursuant to
       the Protective Order that contain confidential information about Plaintiff's
       product designs.

    c. Exhibits 67 and 31, Exhibits P, Q, R, S, W, U, Y, Z, AA, and BB to
       McRoberts' Affidavit (Exhibit 4), and Exhibits T and X to Moon's Affidavit
       (Exhibit 5) are documents which Plaintiff designated as "HIGHLY
       CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective
       Order that contain confidential details about CI's product design and
       manufacturing processes, including drawings, product test results, risks
       analyses, dimensions, schematics, and discussions of specialized machines or
       non-obvious and/or proprietary techniques CI uses in its manufacturing
       process.

    d. Exhibits 34 and 35, and Exhibits F, G, H, I, J, X to McRoberts' Affidavit
       (Exhibit 4) are documents which Plaintiff designated as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order that contain confidential details regarding agreements entered into by Plaintiff.

e. Exhibit V to McRoberts' Affidavit (Exhibit 4) is a document which Plaintiff designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order that contains sensitive financial information related to Plaintiff's business.

5. The Memorandum, the Moon Affidavit (Exhibit 5), the McRoberts Affidavit (Exhibit 4), the Lewis II Affidavit (Exhibit 2), the Lewis III Affidavit (Exhibit 3), and the Roffman Affidavit (Exhibit 6) also reference, discuss, quote or paraphrase information contained in the above referenced documents or documents that Defendants or third-party Laborie have designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

6. Although Plaintiff anticipates challenging some of these designations and reserves its right to do so, pursuant to the terms of the Protective Order, based on these designations, Plaintiff seeks to seal the following materials, referenced in or attached as exhibits to the Memorandum, which have been designated by Defendants as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

a. Exhibits B, C, E, and F to Roffman's Affidavit (Exhibit 6);

b. Exhibit 7;

c. Exhibit 13;

d. Exhibit 30;

e. Exhibit 68;

4

f.   Exhibit 69;

g.   Exhibit 74;

h.   Exhibit 76;

i.   Exhibit 77;

j.   Exhibit 89;

k.   Exhibit 90;

l.   Exhibit 30;

m.  Exhibit 17;

n.   Exhibit 66;

o.   Exhibit 79;

p.   Exhibit 41;

q.   Exhibit 25;

r.   Exhibit 78;

s.   Exhibit 12;

t.   Exhibit 10;

u.   Exhibit 11;

v.   Exhibit 36;

w.  Exhibit 75;

x.   Exhibit 83;

y.   Exhibit 42;

z.   Exhibit 48

aa. Exhibit 58;

bb. Exhibit 59;

cc. Exhibit 84;

dd. Exhibit 24;

ee. Exhibit 58;

ff.  Exhibit 85;

gg. Exhibit 86;

hh. Exhibit 72;

ii.  Exhibit 73;

jj.  Exhibit 26;

kk. Exhibit 60;

ll.  Exhibit 61;

mm.    Exhibit 62;

nn. Exhibit 40;

oo. Exhibit 52;

pp. Exhibit 49;

qq. Exhibit 23;

rr.  Exhibit 37;

ss.  Exhibit 38;

tt.  Exhibit 81;

uu. Exhibit 22;

vv. Exhibit 54;

ww.    Exhibit 65;

xx. Exhibit 53;

yy. Exhibit 55;

zz. Exhibit 64;

aaa.    Exhibit 27;

bbb.    Exhibit 29;

ccc.    Exhibit 63;

ddd.    Exhibit 28;

eee.    Exhibit 57;

fff. Exhibit 56.

7.      Furthermore, although Plaintiff does  not waive any rights under the Protective order, including to object to any confidentiality designations, pursuant to the terms of the Protective Order, Plaintiff seeks to seal the following materials, referenced in or attached as exhibits to the Memorandum, which have been designated by Defendants as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

a.   Exhibit 15;

b.   Exhibit 16;

c.   Exhibit 71;

d.   Exhibit 80;

e.   Exhibit 82;

f.   Exhibit 14.

8.      Good cause exists for filing the above referenced exhibits under seal due either to the risk of harm and competitive disadvantage that disclosure of sensitive information contained therein could cause to CI's or Plaintiff's business and/or because of the designations given to these materials by Defendants and/or third-party Laborie pursuant to the Protective Order entered by this Court.

9.      Placing the above referenced exhibits under seal will not prejudice either of the parties, and will serve the interests of justice and equity in this case.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests leave of this Court to file its of Law in Support of Plaintiff's Motion for Preliminary Injunction and  the exhibits referenced herein under seal.   A redacted public version of the Memorandum and its support exhibits has been contemporaneously filed with this Motion.


Respectfully submitted,

TP GROUP-CI, INC. and
CLINICAL INNOVATIONS, LLC


Date: August 17, 2016                              /s/Daniel D. Rubinstein
                                                   Daniel D.  Rubinstein
                                                   William C. O'Neil
                                                   Michael A. Skokna
                                                   **WINSTON & STRAWN, LLP**
                                                   35 West Wacker Drive
                                                   Chicago, Illinois 60601
                                                   Telephone: (312) 558-5600
                                                   Facsimile: (312) 558-5700
                                                   Respectfully submitted,

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 17, 2016, I electronically filed the foregoing with the

Clerk of the Court of the Northern District of Illinois using the ECF System, which will send

notification to counsel of record, including:

Reid W. Lambert (pro hac vice pending)
Woodbury & Kesler, P.C.
525 East 100 South, #300
Salt Lake City, Utah 84102
Telephone: (801) 364-1100
Facsimile: (801) 359-2320
Email: rwlambert@wklawpc.com
*Attorneys for Defendant Steven R. Smith*

Gary Zhao
Smith Amundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Telephone: (312) 894-3377
Facsimile: (312) 997-1817
Email: Gzhao@salawus.com
*Attorneys for Defendant William Dean Wallace*

/s/Daniel D. Rubinstein
Daniel D.  Rubinstein
William C. O'Neil
Michael A. Skokna
**WINSTON & STRAWN, LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
*Attorneys for Plaintiff TP Group-CI, Inc.*